IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AYODEJI FAJEMIROKUN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-3602-L |
| | § | |
| METHODIST HEALTH SYSTEM and | § | |
| BENJAMIN ROZZELL, in his individual | § | |
| and official capacity, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiff's Motion to Strike Defendants' Summary Judgment Motion and Motion for Extension of Time (Doc. 40), filed March 3, 2017; and Defendants' Motion to Strike Plaintiff's Reply in Part, or in the Alternative, Motion for Leave to File Sur-Reply Regarding Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Extension of Time (Doc. 43), filed April 4, 2017. After considering the motions, briefs, record, and applicable law, the court **denies** Plaintiff's Motion to Strike Defendants' Summary Judgment Motion and Motion for Extension of Time (Doc. 40); **grants** Defendants' Motion to Strike Plaintiff's Reply in Part; and **denies** Defendants' Motion for Leave to file Sur-Reply Regarding Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Extension of Time.

### I. Factual Background

This action was reassigned to the undersigned on April 27, 2016, pursuant to Special Order No. 3-304 (Doc. 35). Prior to this date, it was assigned to then-chief Judge Jorge A. Solis ("Judge Solis"). On September 5, 2014, Fajemirokun, as a pro se plaintiff, filed suit against Defendants in the 160th Judicial District Court of Dallas County, Texas, alleging claims under state and federal

law. On October 6, 2014, Defendants timely removed the action to federal court. On April 17, 2015, Judge Solis issued a Summary Judgment Briefing Schedule (Doc. 12). On July 16, 2015, Defendants timely moved for summary judgment (Doc. 14).

On October 22, 2015, Fajemirokun filed a Notice of Designation of Attorney in Charge (Doc. 28) and designated Lui Akwuruoha as his attorney. The court subsequently issued an order: (1) granting in part Plaintiff's Motion for Leave to File Amended Pleading (Doc. 18) and requiring Plaintiff's counsel to file an amended complaint by March 3, 2016; (2) denying Defendants' Motion to Strike Plaintiff's Amended Complaint and Brief in Support (Doc. 20); and (3) finding moot Defendants' Motion for Summary Judgment ("Defendants' Original Motion for Summary Judgment") (Doc. 14).

On March 3, 2016, Judge Solis issued a scheduling order (the "Scheduling Order") with a discovery deadline of February 1, 2017, a dispositive motion deadline of March 3, 2017, and a trial date of June 5, 2017 (Doc. 33). On March 3, 2017, Defendants timely filed Defendants' Motion for Summary Judgment (Doc. 37), which was their second motion for summary judgment. Instead of filing a response on March 23, 2017, Fajemirokun filed Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment and Motion for Extension of Time (Doc. 40), arguing that the second summary judgment motion runs afoul to Local Civil Rule 56.2 (b). Alternatively, Fajemirokun requests an extension of time to file a response, even though he did not move to extend discovery prior to the February 1, 2017 deadline.

In opposition to the motion to strike and extend time, Defendants argue that they timely filed their dispositive motion pursuant to the Scheduling Order. Defendants further argue that: (1) Plaintiff is estopped from arguing that they are not entitled to file a dispositive motion because Plaintiff agreed to the dispositive motion deadline; (2) Plaintiff's motion to strike is frivolous and

not a substitute for a response; and (3) Plaintiff's motion to strike is unduly prejudicial to Defendants' rights.

In Plaintiff's Reply (Doc. 42) to Defendants' Response to Plaintiff's Motion for Extension of Time, Fajemirokun made a new argument in support of his motion for an extension of time. Fajemirokun argues that an extension of time is necessary "based on the need for further discovery to respond properly to Defendants' Second Motion for Summary Judgment, in the event the Court does not strike Defendants' Motion." He further argues that he understood the deadline to file a summary judgment to apply only to Defendants because they previously filed a motion for summary judgment. Moreover, Fajemirokun disagrees with Defendants' conclusion that his acceptance of the Scheduling Order established a new dispositive motion deadline for all parties and contends that an extension would not result in undue delay.

II. Analysis

A. Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment

Fajemirokun's interpretation of Local Civil Rule 56.2(b) completely disregards the Scheduling Order and misapprehends the rule. The rule provides, "Unless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment." *Id*. Since Judge Solis denied the motion as moot and permitted Fajemirokun to file an amended complaint, he never addressed the merits of Defendants' Original Motion for Summary Judgment (Doc. 14). Further, Judge Solis issued a Scheduling Order that provided a *new dispositive motion deadline*. In light of the new dipositive motion deadline and Judge Solis's denial of the initial summary judgment motion as moot, it is clear to the court that Judge Solis was granting Defendants leave to file a second motion for summary judgment. Moreover, notwithstanding the language of Local Civil Rule 56, "a presiding judge may direct the parties to

proceed in any manner that the judge deems just and expeditious." Local Civil Rule 83.1. From this plain language, the presiding judge may abrogate a local rule. Additionally, the record reflects that the parties met and conferred (Doc. 31) prior to the Scheduling Order being issued by Judge Solis; therefore, Fajemirokun was aware of the new dispositive motion deadline, and he is estopped from arguing that Defendants are not entitled to file a second dispositive motion. For all these reasons, Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment (Doc. 40) is nonsensical and without merit. Accordingly, the court will deny the motion.

### B. Plaintiff's Request for an Extension of Time

Alternatively, Fajemirokun requests a continuance to allow him to respond to Defendants' Motion for Summary Judgment (Doc. 40). The court treats his request as one for a continuance pursuant to Federal Rule of Civil Procedure 56(d) ("Rule 56(d)"). This rule provides:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

*Id*.

To obtain a continuance under Rule 56(d), the party opposing summary judgment must file a motion, along with an affidavit or declaration, setting forth why he or she cannot present, by affidavit or declaration, evidence necessary to justify his or her opposition to the summary judgment motion. *Id.*; *see also Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 719 (5th Cir. 1999). The party moving for the continuance must show why he needs the additional discovery and how the additional discovery will demonstrate that a genuine dispute of material fact exists. *Stults v. Conoco, Inc*., 76 F.3d 651, 657-58 (5th Cir. 1996) (citation omitted). A party

may not "rely on vague assertions that additional discovery will produce needed, but unspecified facts." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006) (citation and quotation marks omitted). Finally, the party requesting the additional discovery or extension must show that relevant discovery has been diligently pursued. *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992).

Although required by Rule 56(d), Fajemirokun has filed no motion accompanied by an affidavit or declaration to justify his opposition; therefore, he has failed to satisfy this requirement. Further, he filed nothing to show why he needed additional discovery and how it would help him demonstrate that genuine disputes of material fact exist regarding his claims. Moreover, there is nothing in the record to indicate or establish that Fajemirokun has *diligently* pursued the discovery he now seeks, which ended on February 1, 2017, more than a year before the date of this order. Finally, he did not even move to extend the discovery deadline before it expired, and *despite the passage of time, Fajemirokun has made no effort to file a motion for leave to supplement the record and provide the court with evidence he has in his possession that would defeat Defendants' summary judgment motion*. For all these reasons, Fajemirokun has totally failed to comply with Rule 56(d) and applicable case authority.

In addition to the above reasons, another compelling reason exists to deny Fajemirokun's motion for a continuance. As Fajemirokun seeks a continuance, he is requesting the court to modify a scheduling order. Before the court can modify a scheduling order, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard requires the "party seeking relief to show that the deadlines

[could not] reasonably [have been] met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation omitted). In deciding whether to allow an amendment to the scheduling order, a court considers: "(1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice." *Id*. (internal quotation marks, brackets, and citations omitted).

In applying this standard, the court has considered the four factors and determines that based on Fajemirokun's lack of diligence, the four factors collectively weigh against a modification of the scheduling order. In addition to the total lack of diligence on Fajemirokun's part, the court finds his reasoning and explanation for the need to modify the scheduling order to be without merit and fundamentally flawed, and the court should not reward Fajemirokun for his dilatory conduct.

In Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Extension of Time, Fajemirokun offered new arguments in support of his motion for an extension of time. A reply brief is generally limited to addressing matters presented in a motion and response. *See Petty v. Portofino Council of Coowners, Inc*., 702 F. Supp. 2d 721, 730 n.3 (S.D. Tex. 2010) ("[T]he scope of the reply brief must be limited to addressing the arguments raised by the [response].") (citation omitted); *see also AAR, Inc. v. Nunez*, 408 F. App'x 828, 830 (5th Cir. 2011) ("Generally, and for obvious reasons, a reply brief is limited to addressing matters presented by appellant's opening brief and by appellee's response brief, and 'is not the appropriate vehicle for presenting new arguments or legal theories to the court.'"). Fajemirokun's reply is not limited to matters raised in Defendants' Response to Plaintiff's Motion for Extension of Time. In any event, even if the court

were to consider the new arguments raised in the reply, Fajemirokun failed to submit an affidavit of declaration as required under Rule 56(d).

Fajemirokun did not comply with or take the necessary steps to obtain a continuance. District courts have an inherent right "to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997). Notwithstanding the delay that has occurred thus far, any further delay is not warranted and will not serve the ends of justice. Accordingly, and for all reasons previously stated, the court will strike Fajemirokun's new arguments and deny his Motion for Extension of Time.

### III. Conclusion

For the reasons herein stated, the court **denies** Plaintiff's Motion to Strike Defendants' Summary Judgment Motion and Motion for Extension of Time (Doc. 40); **grants in part** Defendants' Motion to Strike Plaintiffs' Reply; and **denies** Plaintiff's Motion for Leave to File Sur-reply Regarding Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Extension of Time. Accordingly, the court **strikes** Plaintiff's Reply to the extent that he raises new arguments (Doc. 43).

**It is so ordered** this 21st day of February, 2018.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge