IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| AYODEJI FAJEMIROKUN, | § | |
| --- | --- | --- |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. **3:14-CV-3602-L** |
| METHODIST HEALTH SYSTEM and BENJAMIN ROZZELL, in His Individual and Official Capacity, | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintff's Brief in Support of Motion for Reconsideration (Doc. 49). The docket sheet reflects that Plaintiff Ayodeji Fajemirokun ("Plaintiff" or "Mr. Fajemirokun") did not file a motion; he only filed a brief. Federal Rule of Civil Procedure 7(b)(1) ("Rule 7(b)(1)") states, "A request for a court order must be made by motion." Local Civil Rule 7.1 of the Northern District of Texas ("LR 7.l") also requires that a motion be filed with the court. In this case, Plaintiff only filed a brief, which is a clear violation of Rule 7(b)(1) and LR 7.1. As it is clear that Mr. Fajemirokun is requesting the court to reconsider and vacate the entry of judgment against him, the court will, nevertheless, treat his brief as a formal motion. After careful consideration of the motion and brief, record, and applicable law, the court **denies** Plaintiff's Motion for Reconsideration (Doc. 49).

**I.     Background**

On February 21, 2018, in its Memorandum Opinion and Order (Doc. 46), the court denied Plaintiff's Motion to Strike Defendants' Summary Judgment Motion and Motions for Extension of Time (Doc. 40); granted in part Defendants' Motion to Strike Plaintiff's Reply (Doc. 43); denied

**Memorandum Opinion and Order – Page 1**

Plaintiff's Motion for Leave to File Sur-Reply regarding Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Extension of Time; and struck Plaintiff's Reply to the extent he therein raised new arguments. Also, on February 21, 2018, the court in its Memorandum Opinion and Order (Doc. 47) granted Defendants' Motion for Summary Judgment (Doc. 37) and entered judgment against Mr. Fajemirokun and in favor of Defendants and dismissed this action with prejudice (Doc. 48).

Mr. Fajemirokun challenges the court's rulings and entry of judgment. He contends that the court: (1) committed a manifest error of law when it allowed Defendants to file a second motion for summary judgment; and (2) committed a manifest error of law when it did not allow Plaintiff an opportunity to respond to Defendants Motion for Summary Judgment (Doc. 37), or grant a continuance to do so. For the reasons set forth herein, in the court's Memorandum Opinion and Order (Doc. 46) and in its Memorandum Opinion and Order (Doc. 47), both filed on February 21, 2018, Plaintiff's arguments are without merit.*

## II. Standard Under Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") for a Motion to Amend or Alter Judgment

"The Federal Rules of Civil Procedure do not recognize a general motion for reconsideration," and the Fifth Circuit treats a motion to reconsider "as a Rule 59(e) motion to alter or amend a judgment. *St. Paul Mercury Ins. Co., v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997); *see also Patin v. Allied Signal Corp.*, 77 F.3d 782, 785 n.1 (holding that a motion to reconsider entry of summary judgment "was correctly analyzed and decided . . . as a Rule 59(e) moton."). Accordingly, the court treats Plaintiff's Motion for Reconsideration as one to alter or amend the judgment under Rule 59(e).

---

* Both earlier opinions are incorporated into this document by reference as if repeated herein verbatim.

A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Edionwe v. Bailey,* 860 F.3d 287, 294 (5th Cir. 2017) (citation omitted). Such motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted). It may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59(e) motion may not raise arguments or present evidence that could have been raised prior to entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted). When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Stated another way, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should

**Memorandum Opinion and Order – Page 3**

be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citations omitted).

**III. Analysis**

    **A. Dismissal of Plaintiff's Claims with Prejudice Was Not a Manifest Error of Law by the Court.**

Mr. Fajemirokun contends that granting Defendants' Second Motion for Summary Judgment was a manifest error of law because Plaintiff misconstrues Local Civil Rule 56.2(b), and his argument regarding the court's ruling is totally without merit. In ruling on this matter earlier, the court stated as follows:

> Fajemirokun's interpretation of Local Civil Rule 56.2(b) completely disregards the Scheduling Order and misapprehends the rule. The rule provides, "Unless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment." *Id*. Since Judge Solis [former Chief Judge] denied the motion as moot and permitted Fajemirokun to file an amended complaint, he never addressed the merits of Defendants' Original Motion for Summary Judgment (Doc. 14). Further, Judge Solis issued a Scheduling Order that provided a *new dispositive motion deadline*. In light of the new dipositive motion deadline and Judge Solis's denial of the initial summary judgment motion as moot, it is clear to the court that Judge Solis was granting Defendants leave to file a second motion for summary judgment. Moreover, notwithstanding the language of Local Civil Rule 56[.2(b)], "a presiding judge may direct the parties to proceed in any manner that the judge deems just and expeditious." Local Civil Rule 83.1. From this plain language, the presiding judge may abrogate a local rule. Additionally, the record reflects that the parties met and conferred (Doc. 31) prior to the Scheduling Order being issued by Judge Solis; therefore, Fajemirokun was aware of the new dispositive motion deadline, and he is estopped from arguing that Defendants are not entitled to file a second dispositive motion. For all these reasons, Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment (Doc. 40) is nonsensical and without merit. Accordingly, the court will deny the motion.

Ct.'s Mem. Op. & Order 3-4 (Doc. 46) (Feb. 21, 2018).

As reflected in its earlier opinion, the court set forth four reasons why Defendants were allowed to file a second motion for summary judgment. Notwithstanding the plain and clear language of the court's ruling, Plaintiff continues to argue that the court erred in its ruling. The

court did not commit a manifest error of the law, and it will not alter or amend its earlier ruling regarding Local Rule 56.2(b). Further, Plaintiff's arguments in this regard are nothing more than a blatant attempt to relitigate issues that were resolved to his dissatisfaction, which is not allowed under existing precedent. *Forsythe*, 885 F.2d at 289.

> **B. The Court Did Not Err when It Refused to Allow Plaintiff to File a Response or Grant a Continuance.**

Once again, Mr. Fajemirokun misreads the court's ruling on this matter. In this regard, the court stated:

> Alternatively, Fajemirokun requests a continuance to allow him to respond to Defendants' Motion for Summary Judgment (Doc. 40). The court treats his request as one for a continuance pursuant to Federal Rule of Civil Procedure 56(d) ("Rule 56(d)"). This rule provides:
>
> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>     (1) defer considering the motion or deny it;
>     (2) allow time to obtain affidavits or declarations or to take discovery; or
>     (3) issue any other appropriate order.
>
> *Id*.
>
> To obtain a continuance under Rule 56(d), the party opposing summary judgment must file a motion, along with an affidavit or declaration, setting forth why he or she cannot present, by affidavit or declaration, evidence necessary to justify his or her opposition to the summary judgment motion. *Id*.; *see also Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 719 (5th Cir. 1999). The party moving for the continuance must show why he needs the additional discovery and how the additional discovery will demonstrate that a genuine dispute of material fact exists. *Stults v. Conoco, Inc.*, 76 F.3d 651, 657-58 (5th Cir. 1996) (citation omitted). A party may not "rely on vague assertions that additional discovery will produce needed, but unspecified facts." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006) (citation and quotation marks omitted). Finally, the party requesting the additional discovery or extension must show that relevant discovery has been diligently pursued. *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992).
>
> Although required by Rule 56(d), Fajemirokun has filed no motion accompanied by an affidavit or declaration to justify his opposition; therefore, he has failed to satisfy this requirement. Further, he filed nothing to show why he

needed additional discovery and how it would help him demonstrate that genuine disputes of material fact exist regarding his claims. Moreover, there is nothing in the record to indicate or establish that Fajemirokun has *diligently* pursued the discovery he now seeks, which ended on February 1, 2017, more than a year before the date of this order. Finally, he did not even move to extend the discovery deadline before it expired, and *despite the passage of time, Fajemirokun has made no effort to file a motion for leave to supplement the record and provide the court with evidence he has in his possession that would defeat Defendants' summary judgment motion*. For all these reasons, Fajemirokun has totally failed to comply with Rule 56(d) and applicable case authority.

In addition to the above reasons, another compelling reason exists to deny Fajemirokun's motion for a continuance. As Fajemirokun seeks a continuance, he is requesting the court to modify a scheduling order. Before the court can modify a scheduling order, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably [have been] met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation omitted). In deciding whether to allow an amendment to the scheduling order, a court considers: "(1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice." *Id*. (internal quotation marks, brackets, and citations omitted).

In applying this standard, the court has considered the four factors and determines that based on Fajemirokun's lack of diligence, the four factors collectively weigh against a modification of the scheduling order. In addition to the total lack of diligence on Fajemirokun's part, the court finds his reasoning and explanation for the need to modify the scheduling order to be without merit and fundamentally flawed, and the court should not reward Fajemirokun for his dilatory conduct.

In Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Extension of Time, Fajemirokun offered new arguments in support of his motion for an extension of time. A reply brief is generally limited to addressing matters presented in a motion and response. *See Petty v. Portofino Council of Coowners, Inc.*, 702 F. Supp. 2d 721, 730 n.3 (S.D. Tex. 2010) ("[T]he scope of the reply brief must be limited to addressing the arguments raised by the [response].") (citation omitted); *see also AAR, Inc. v. Nunez*, 408 F. App'x 828, 830 (5th Cir. 2011) ("Generally, and for obvious reasons, a reply brief is limited to addressing matters presented by appellant's opening brief and by appellee's response brief, and 'is not the appropriate vehicle for presenting new arguments or legal theories to the court.'"). Fajemirokun's reply is not limited to matters raised in Defendants'

> Response to Plaintiff's Motion for Extension of Time. In any event, even if the court were to consider the new arguments raised in the reply, Fajemirokun failed to submit an affidavit of declaration as required under Rule 56(d).
>
> Fajemirokun did not comply with or take the necessary steps to obtain a continuance. District courts have an inherent right "to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997). Notwithstanding the delay that has occurred thus far, any further delay is not warranted and will not serve the ends of justice. Accordingly, and for all reasons previously stated, the court will strike Fajemirokun's new arguments and deny his Motion for Extension of Time.

Ct.'s Mem. Op. & Order 4-7 (Doc. 46) (Feb. 21, 2018).

As reflected in this passage, the court cited at least five reasons why it denied Plaintiff leave to file a response or grant him a continuance to do so. Once again, Mr. Fajemirokun attempts to relitigate an issue decided to his dissatisfaction; however, he may not use a motion to alter or amend the judgment for this purpose. *Forsythe*, 885 F.2d at 289. As the court committed no manifest error of law regarding this issue, it will deny the stated basis as a reason to grant his motion to alter or amend the judgment.

## IV. Conclusion

Plaintiff's Motion for Reconsideration reflects an unwillingness by Plaintiff to abide by Rule 7(b)(1) and LR 7.1, a misapprehension of these rules, or both. The court has set out in meticulous detail the bases for its rulings regarding Plaintiff's procedural motions and Defendants' Motion for Summary Judgment. *See* Docs. 46 & 47. For the reasons stated in those documents, as well as those stated herein, the court **denies** Plaintiff's Motion for Reconsideration (Doc. 49).

**It is so ordered** this 23rd day of April, 2018.

*[signature]*
Sam A. Lindsay
United States District Judge